**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **P.J., L.J., and A.J.**

**No. 19-0199** (Kanawha County 18-JA-101, 18-JA-102, and 18-JA-103)

**MEMORANDUM DECISION**

Petitioner Mother S.M., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's January 18, 2019, order terminating her parental rights to P.J., L.J. and A.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Christopher C. McClung, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2018, the DHHR filed an abuse and neglect petition that alleged the parents abused the children by virtue of their drug addiction and domestic violence in the home. According to testimony from law enforcement at the preliminary hearing, two of the children were found at a convenience store across the street from the home following an incident of domestic violence. When law enforcement arrived at the home, they found drug paraphernalia, including needles, within the children's reach. Based on this incident, the parents were charged criminally with child neglect creating risk of injury. Following the petition's filing, the circuit court ordered the parents to participate in parenting and adult life skills services, undergo psychological evaluations, and receive supervised visits contingent on negative drug screens. The parents thereafter stipulated to drug use and domestic violence at an adjudicatory hearing in April of 2018, at which point the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

circuit court ordered that they additionally participate in domestic violence education, submit to substance abuse treatment, and receive assistance with housing.

In August and October of 2018, the circuit court held dispositional hearings. The DHHR presented evidence that petitioner tested positive for methamphetamine and marijuana during the proceedings and, as a result, had been unable to visit with the children for some time. Further, the circuit court found that petitioner refused multiple screens because she admitted "she would be dirty." The circuit court also heard evidence that, although she possessed a valid prescription at the time, petitioner consumed her thirty-day supply of Xanax pills "in eight days." Additionally, during the final dispositional hearing, petitioner admitted that she left the courtroom to consume Xanax despite the fact that she did not possess a valid prescription at that time. Despite this evidence, petitioner testified that she did not have a drug addiction.

The DHHR also presented testimony from the psychologist who performed petitioner's evaluation. According to the psychologist, petitioner was likely under the influence during her evaluation. Further, the psychologist indicated that petitioner "acknowledged no fault at all and did [not] exhibit any motivation to change [because she] was adamant that there was no need for her to change." As such, the psychologist testified that services for petitioner would not be beneficial. Petitioner's parenting and adult life skills provider testified that petitioner was inconsistent with participation and would often fail to arrive for services as scheduled. The provider also testified that petitioner blamed others for the children's removal. According to the provider, petitioner claimed that removal was "the DHHR's fault, not hers." The provider also testified that petitioner failed to complete the services offered. Ultimately, the circuit court terminated petitioner's parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). On appeal, we find no error in the proceedings below.

---

[2] All parents' parental rights were terminated below. According to respondents, the permanency plan for the children is adoption in their current foster home.

Petitioner's lone assignment of error is that the circuit court erred in terminating her parental rights because she should have been given more time to demonstrate improvement.[3] According to petitioner, the nature of the issues that necessitated the petition's filing—substance abuse and domestic violence – required more time to resolve than the circuit court permitted. Essentially, petitioner argues that, because the children were safe in their placement, termination of her parental rights was inappropriate. We do not agree.

What petitioner fails to acknowledge on appeal is that all of the evidence below supported the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. Pursuant to West Virginia Code § 49-4-604(c)(3), situations in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected include one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Contrary to petitioner's assertion that she complied with services but suffered various setbacks, the evidence is clear that petitioner simply failed to follow through with reasonable services below. As set forth above, petitioner failed to drug screen as directed because she acknowledged that any screen would be positive. She further tested positive for various substances on the few instances in which she did submit to screens. In fact, petitioner admitted that she left the courtroom during the dispositional hearing in order to take Xanax, a drug for which, at the time, she lacked a valid prescription. Further, a service provider testified that petitioner failed to complete parenting and adult life skills education. Based on the foregoing, it is clear that petitioner failed to follow through with the reasonable family case plan and attendant rehabilitative services offered below.

Most importantly, however, is the fact that petitioner denied having a substance abuse problem at the dispositional hearing. Based on this testimony, coupled with testimony from the psychologist who evaluated petitioner and petitioner's service providers, the circuit court specifically found that petitioner "fail[ed] to acknowledge any problems and argue[d] that she does not have any issues." As this Court has long held,

---

[3]Petitioner's assignment of error on appeal is set forth as follows: "The Trial Court Committed Error By Terminating The Parental Rights Of The Mother Without Allowing Her Additional Time To Continue Pursuing Reunification In An Improvement Period." However, petitioner's brief fails to include reference to any instance where she moved for an improvement period below, as required by the applicable rule governing petitioners' briefs. *See* W. Va. R. App. P. 10(c)(7) (requiring briefs to "contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*" and permitting this Court to "disregard errors that are not adequately supported by specific references to the record on appeal") (emphasis added). Accordingly, any argument on appeal concerning the alleged failure to grant petitioner an improvement period will not be addressed.

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (*quoting In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, it is clear that additional time for improvement would not have resulted in the correction of the conditions at issue.

As noted above, the circuit court found that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. The circuit court further found that the children's welfare required termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate parental rights upon such findings. Moreover,

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, termination of petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 18, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4